UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALEXANDER LEON, | : | |
|     Petitioner, | : | |
| | : | |
| vs. | : | Civil No. 3:00cv2261 (PCD) |
| | : | Crim. No. 3:93cr199 (PCD) |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | |

**RULING ON PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

Petitioner moves, pursuant to Federal Rule of Civil Procedure 60(b), for relief from judgment. For the reasons stated herein, Petitioner's Motion for Relief from Judgment [Doc. No. 484] is **denied**.

**I.     BACKGROUND**

On November 4, 1993, a federal grand jury sitting in Bridgeport returned a superseding indictment charging Alexander Leon and eight co-defendants with various narcotics trafficking offenses. Petitioner Leon was named in Count One, charging him with Conspiracy to Possess with Intent to Distribute and Distribution of Cocaine Base or "crack," in violation of 21 U.S.C. §§ 841(a)(1) and 846, and Counts Two and Four, charging him with Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1).

On November 15, 1993, Petitioner was arraigned on the indictment and pleaded not guilty. Trial commenced on January 18, 1994, and on February 4, 1994, Petitioner was convicted on Counts One, Two and Four. On October 4, 1994, this Court sentenced Petitioner to a lifetime term of imprisonment on Count One, and concurrent sentences of 480 months on Counts Two and Four, both of which were ordered to run concurrent with the life sentence imposed on Count

One.

On October 7, 1994, Petitioner filed a timely Notice of Appeal, and on August 25, 1995, the Second Circuit Court of Appeals entered its Mandate affirming the judgment and sentence of this Court.  More than five years later, on November 28, 2000, Petitioner moved, pursuant to 28 U.S.C. § 2255, to vacate or correct his sentence.  In his motion, Petitioner argued that his sentence violated the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), because the amount of narcotics which triggered the enhanced statutory maximum lifetime term of imprisonment for Count One (i.e., 50 grams or more of cocaine base) and the enhanced statutory maximum forty-year term of imprisonment for Counts Two and Four (i.e., 5 grams or more of cocaine base) were not charged in the indictment and found by the jury.

On July 19, 2001, this Court entered its Ruling denying Petitioner's motion to vacate, set aside or correct his sentence pursuant to § 2255 on the ground that Petitioner had filed his motion outside of the one-year statute of limitations applicable to § 2255 motions.  Nevertheless, Petitioner filed a memorandum of law in support of his motion on August 14, 2001.  On March 19, 2003, this Court again denied Petitioner's motion to alter or amend the judgment.

On March 31, 2003, Petitioner filed a Notice of Appeal from this Court's judgment denying his § 2255 motion.  On April 23, 2004, the Second Circuit Court of Appeals dismissed Petitioner's appeal for failing obtain a certificate of appealability.  On May 8, 2003, Petitioner moved this Court for a certificate of appealability and on September 3, 2003, that motion was denied on there had not been a substantial showing of a denial of a constitutional right, or that jurists of reason would debate the Court's resolution of the § 2255 petition. See 28 U.S.C. §

2253(c).

Petitioner filed the present motion for relief from judgment on January 30, 2006. In the instant motion, Petitioner argues that recent developments in Supreme Court and Second Circuit case law, flowing from the Supreme Court's decision in Apprendi, render his sentence unconstitutional.

## II.    STANDARD OF REVIEW

Motions for relief from judgment which are directed at the district court's decision denying the initial § 2255 petition, such as the motion at issue here, should not be dismissed as a successive petition within the meaning of § 2255. See Harris v. United States, 367 F.3d 74 (2d Cir. 2004); Rodriguez v. Mitchell, 252 F.3d 191 (2d Cir. 2001).

Federal Rule of Civil Procedure 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Rule 60(b) also provides that motions filed under that section "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Id.; see also Rodriguez, 252 F.3d at 201 ("We do not think that three and one-half years from the date judgment was entered is a reasonable time.").

3

### III. DISCUSSION

#### A. Rule 60(b) Motions Shall Be Filed Within "A Reasonable Time"

Petitioner does not specify in his motion the section of Rule 60(b) on which he is relying. Assuming that he is relying on Rule 60(b)(6), however, his motion must be filed within "a reasonable time," albeit not necessarily within the one-year statute of limitations applicable to motions filed pursuant to Rule 60(b)(1), (2) or (3). Here, this Court's decision denying his § 2255 motion was entered on July 19, 2001, and the instant motion was filed on January 30, 2006, more than fifty-five months, or over four and one-half years, after the decision from which he seeks relief. Even if this Court's second order denying Petitioner's § 2255 motion, entered on March 19, 2003, is regarded as the date of decision, Petitioner has still taken over two years and ten months to file his Rule 60(b) motion. Finally, even if the Court counts from the last date this Court acted on Petitioner's case, i.e., its September 3, 2003 denial of Petitioner's certificate of appealability, Petitioner has taken nearly two and one-half years to file the instant motion. Given that the decision complained of was entered over four and one-half years ago, the Court finds that Petitioner's motion can be denied as untimely under Rule 60(b). See Rodriguez, 252 F.3d at 201.

#### B. Apprendi, Blakely and Booker May Not Be Applied Retroactively

Even if Petitioner's motion is not denied as untimely, it must be denied on the basis that the cases relied upon, i.e., Apprendi and its progeny, cannot be applied retroactively. In Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), the Supreme Court held:

> Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.

Id. at 490. Under Apprendi, once the government has proved to the jury all the elements of an offense that triggers the imposition of a statutory maximum term of imprisonment, the court has the power to determine factors relevant to sentencing that were not submitted to the jury, as long as the court's determinations do not enhance the defendant's penalty above the statutory maximum. See United States v. White, 240 F.3d 127, 135-36 (2d Cir. 2001). Following Apprendi, in prosecutions involving a drug charge, "the quantity of drugs must be charged in the indictment, submitted to the jury, and proved beyond a reasonable doubt." Coleman, 329 F.3d at 83 (citation omitted). The Second Circuit has applied this rule to determinations of drug type and quantity under 21 U.S.C. § 841, but only to the extent that those determinations lead to the imposition of a sentence greater than the otherwise applicable statutory maximum. See United States v. Thomas, 274 F.3d 655 (2d Cir. 2001). Accordingly, in light of Apprendi, it is now the law that in order to trigger the statutorily enhanced maximum terms of imprisonment prescribed by 21 U.S.C. § 841(a)(1) and imposed in this case, the charging document must allege the requisite amount of narcotics which form the basis of the offense and the jury must find those amounts beyond a reasonable doubt.

The Second Circuit has held, however, that Apprendi does not apply retroactively on collateral review. Coleman v. United States, 329 F.3d 77, 82 (2d Cir.) (holding that "Apprendi is a new rule that does not apply retroactively to initial section 2255 motions for habeas relief"), cert. denied, 540 U.S. 1061, 124 S. Ct. 840, 157 L. Ed. 2d 719 (2003). Apprendi was decided on June 26, 2000, almost five years after Petitioner's conviction became final.[1] Because Apprendi

---

[1] Petitioner's judgment of conviction became final on November 23, 1995, ninety days after the date his conviction was affirmed on appeal. See Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003) (in the context of post-conviction relief, "finality attaches when this Court

does not apply retroactively on collateral review, Petitioner's Apprendi claim fails.

Petitioner also challenges his sentence pursuant to the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). In Blakely, the Supreme Court held that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303. More recently, in Booker, the Supreme Court held that Blakely applied to the federal sentencing guidelines, and therefore any fact—other than a prior conviction—necessary to support a sentence exceeding the maximum authorized by the facts established by the jury verdict, "must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 243-44. As with Apprendi, however, neither of these decisions are available to Petitioner on collateral review. The Second Circuit has held that Booker does not apply retroactively to "cases on collateral review where the defendant's conviction was final as of January 12, 2005," Guzman v. United States, 404 F.3d 139, 141 (2d Cir. 2005), cert. denied, 126 S. Ct. 731, 163 L. Ed. 2d 577 (2005), and that Blakely is not retroactive on collateral review, see Carmona v. United States, 390 F.3d 200, 202-03 (2d Cir. 2004).[2] Because Petitioner's conviction became final well before Blakely or Booker was decided, those decisions are not applicable to this case.

IV. CONCLUSION

---

affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires").

[2] In Carmona, the Second Circuit noted that "the Supreme Court has not, in any other case, announced Blakely to be a new rule of constitutional law, nor has the Court held it to apply retroactively on collateral review." 390 F.3d at 202-03.

For the foregoing reasons, Petitioner's Motion for Relief from Judgment [Doc. No. 484] is **denied**.

SO ORDERED.

Dated at New Haven, Connecticut, December  12 , 2006.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court